# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0146** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| | : | |
| **CREMNE BRANCH** | : | |
| | : | |

## ORDER

AND NOW, this 1st day of December, 2005, upon consideration of defendant's motion (Doc. 58), requesting that the government be compelled to disclose before trial the identity of a confidential informant and documents relating to the confidential informant's consent to the government's interception of communications with defendant,[1] see Brady v. Maryland, 373 U.S. 83, 87 (1963) (requiring the disclosure of evidence favorable to an accused); United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984) ("Brady . . . requires disclosure by the government of evidence that is both exculpatory and material."); see also 18 PA. CON. STAT. § 5704(2)(ii) (providing record keeping requirements related to interception of communications), and it appearing that the government has agreed to disclose the identity of the confidential informant prior to the date of trial (see Doc. 63 at 8-9), see United States v. Higgins, 713 F.2d 39, 43 (3d Cir. 1983) (stating that a defendant's "right to a fair trial will be fully protected if disclosure [of a government witness] is made the day that the witness testifies."), but that the court

---

[1] The government agreed to disclose other evidence addressed in defendant's motion. (See Doc. 63 at 4)

cannot determine whether the documents relating to the confidential informant's consent are relevant or exculpatory, see Starusko, 729 F.2d at 260, it is hereby ORDERED that:

1. The United States shall, on or before December 16, 2005, submit to chambers for *in camera* review those documents related to the confidential informant's consent.

2. Upon *in camera* review, the court will rule upon the motion to compel (Doc. 58) with respect to those documents related to the confidential informant's consent. See Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984).

3. The motion to compel (Doc. 58) is otherwise DENIED as MOOT. See United States v. Higgins, 713 F.2d 39, 43 (3d Cir. 1983); (Doc. 63 at 4).

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge