# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0146** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **CREMNE BRANCH** | : | |

### **MEMORANDUM**

Presently before the court is defendant's *pro se* motion (Doc. 146) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Defendant Cremne Branche ("Branche")[2] asserts multiple theories to support his motion to vacate. Specifically, Branche contends that: (1) his waiver of the right to appeal in his plea agreement was not entered knowingly and intelligently; (2) he received ineffective assistance of counsel in violation of his Sixth Amendment rights; and (3) the court committed sentencing errors.[3] For the reasons that follow, Branche's motion (Doc. 146) will be denied.

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[2] Branche was indicted and pled guilty under the name "Cremne Branch," however, he claims his last name is properly spelled "Branche." (See Doc. 147 ¶ 2). The court will refer to the petitioner as "Branche."

[3] Specifically, Branche alleges that the court erred in: (1) classifying Branche as a career offender (Doc. 146, at 4, 8); (2) not recognizing its discretion to categorically reject the 100-to-1 sentencing ratio for cocaine base versus cocaine powder (id. at 7); and (3) failing to recognize its discretion to reject the career offender classification. (Doc. 154, at 35-36).

I.      **Statement of Facts & Procedural History**

On April 13, 2005, a grand jury indicted Branch on three counts: (1) possession with intent to distribute cocaine base, see 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of drug trafficking, see 18 U.S.C. § 924(c); and (3) possession of a firearm by a felon, see 18 U.S.C. § 922(g). (Doc. 1). Branche pled not guilty to the indictment on May 17, 2005. (Doc. 17). A four-count superseding indictment was filed on August 17, 2005 (Doc. 38), followed by a five-count second superseding indictment on November 30, 2005. (Doc. 76). On February 24, 2006, a one-count information was filed charging Branch with possession with intent to distribute cocaine base, see 21 U.S.C. § 841(a)(1). (Doc. 109). Branche entered into a plea agreement, and on March 1, 2006 he pled guilty to the one-count information. (Doc. 115). As part of Branche's plea agreement, he waived his right to appeal. (See Doc. 110 ¶ 28).

The court sentenced Branche on July 12, 2006 to 210 months incarceration, fines and fees of $1,500, and three years of supervised release. (Doc. 131). Branche appealed his sentence to the Third Circuit Court of Appeals on July 24, 2006. (Doc. 133). The Third Circuit affirmed the judgment of conviction and sentence on December 31, 2008. See United States v. Branch, 304 Fed. Appx. 995 (3d Cir. 2008). A mandate issued on February 23, 2009, and on March 16, 2009 Branche filed a Petition for Writ of Certiorari. The Supreme Court denied the petition on April 20, 2009. On April 13, 2010, Branche timely filed the instant motion (Doc. 146) to

2

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion has been fully briefed and is ripe for disposition.

**II. Discussion**

Branche alleges that he waived his right to appeal in the plea agreement unknowingly and involuntarily, that he received ineffective assistance of counsel, and that the court committed sentencing errors in sentencing him as a career offender and not departing downward from the crack-to-powder cocaine sentencing ratio. (See Doc. 154). The government contends that Branche waived his right to appeal his sentence under the terms of his plea agreement. As this is a threshold issue, the court will first address whether Branche waived his right to proceed under 28 U.S.C. § 2255.

It is well-settled that "[c]riminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008). The right to appeal—a statutorily created right, see 18 U.S.C. § 3742— is among those rights which may be waived. Mabry, 536 F.3d at 236 (citing Jones v. Barnes, 463 U.S. 745, 751 (1983); see also United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001). Such waiver of rights is enforceable if entered knowingly and voluntarily and enforcement does not effect a miscarriage of justice. See Mabry, 536 F.3d at 237.

In the instant matter, Branche alleges that waiver of his appellate rights was involuntary and unknowing. Branche claims that his counsel was ineffective for

3

"fail[ing] to explain the true meaning and consequences of the waivers," (Doc. 154, at 29), and that he was under the impression that if something "major" went wrong with his sentence, he could appeal. (Doc. 147 ¶ 5). The court must, therefore, specifically examine whether the waiver was knowing and voluntary, based upon what occurred and what Branche contends, and whether enforcement would cause a miscarriage of justice. Id.; see also United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001) ("Waivers of appeal, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice.").

The record is replete with evidence contradictory to Branche's claims that the appeal waiver was involuntary and unknowing, including Branche's own statements. The court first turns to the written guilty plea agreement. See United States v. Gwinnett, 483 F.3d 200, 203-04 (3d Cir. 2007) (examining written plea agreement). Paragraph thirty six of Branche's guilty plea agreement states:

> Appeal Waiver. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of United States v. Booker, 125 S. Ct. 738 (2005). The defendant also waives his right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

(Doc. 110 ¶ 36). The language of the written plea agreement is straightforward. The waiver agreement, broad in scope, clearly indicates that Branche waived his right to appeal any conviction and sentence on *any* grounds, constitutional or statutory. Indeed, the plea agreement expressly delineates Branche's waiver of the right to challenge his conviction in a collateral proceeding, including through "a motion brought under Title 28, United States Code, Section 2255" (Doc. 110 ¶ 36), the very motion Branche brings before the court in the instant matter. Additionally, Branche signed the agreement indicating that he fully understood it and voluntarily agreed to it.

The court next turns to Branche's change of plea hearing. During the hearing, the court addressed in detail with Branche the provisions of paragraph thirty six of the plea agreement to ascertain his understanding of the provision. (See Doc. 157, at 16-17). The court explained to Branche that "this plea agreement severely limits your right to appeal and prevents you from using later proceedings like a collateral attack and *habeas corpus* to challenge your conviction, sentence, or any other matter." (Id. at 16). The court then directed Branche to refer to Paragraph thirty six of the plea agreement before indicating whether he understood the provision. (Id. at 16-17). After review, Branche responded, "Yes, sir. Me and my attorney talked about that, and I understand, I acknowledge it." (Id. at 17).[4]

---

[4] The court further clarified by asking "[a]nd you are fully aware of the provisions of Paragraph 36?" (Doc. 157, at 17). Branche answered in the affirmative, saying "Yes, sir." (Id.)

5

In his petition brief Branche admits that his attorney discussed the written plea agreement with him and that Branche himself read the agreement. (Doc. 147 ¶ 5). Branche states, "I knew that there was an appeal waiver that limited my right to appeal and a 'collateral attack' waiver that limited my right to motions after my appeal." (Id.) Branche further explains that the court expressly inquired whether he understood that under the plea agreement his right to appeal was limited. (Id. ¶ 6).

In sum, the waiver of appellate rights in the plea agreement is incontrovertible, Branche signed the plea agreement indicating his understanding of it, and the court specifically addressed the provision with him. The court finds that Branche knowingly and voluntarily waived his right to challenge his sentence through a § 2255 motion. Therefore, the court may not consider his § 2255 motion for relief unless the failure to do so amounts to a miscarriage of justice.

In the collateral waiver context, there must be "unusual circumstance(s)" to amount to a miscarriage of justice. See Untied States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001). Under Third Circuit jurisprudence a court should consider the following factors in determining whether a miscarriage of justice has occurred: "the clarity of the error, its gravity, its character (e.g. whether it concers a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Mabry, 536 F.3d at 243-44 (quoting

United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). After a review of the record, the court finds no such unusual circumstances.

The crux of Branche's complaint appears to be his contention that the court's classification of Branche as a career offender under U.S.S.G. § 4B1.1 resulted in an increased sentence, and that under new Supreme Court precedent, Branche does not qualify as a career offender. (Doc. 154, at 9-25).[5] However, Branche's designation as a career offender did not result in an increased sentence. First, the calculation of Branche's offense level for sentencing purposes was not affected by his designation as a career offender, a point Branche acknowledges.[6] The career offender classification resulted in a criminal history category classification of VI, see

---

[5] Branche cites to Begay v. United States, 553 U.S. 137 (2008), for the proposition that the court erred in classifying him as a career offender. In Begay, the Supreme Court held that New Mexico's felony DUI crime was outside the scope of the Armed Career Criminal Act's ("ACCA) definition of "violent felony." Id.; 18 U.S.C. § 924(e). The Court held that violent crimes, for purposes of the definition, are those "roughly similar, in kind as well as in degree of risk posed, to the examples themselves." 553 U.S. at 143. "The listed crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct." Id. at 144-45. At issue in the instant matter is the Career Offender Guideline definition of "crime of violence." See U.S.S.G. § 4B1.2(a). The Third Circuit recognizes that the definitions of "violent felony" in the ACCA and "crime of violence" in the Career Offender Guidelines "are close enough that precedent under the former must be considered in dealing with the later." United States v. Polk, 577 F.3d 515, 519 n.1 (3d Cir. 2009). Begay was decided on April 16, 2008. At that point, counsel for Branche had already submitted briefing to the Third Circuit for his direct appeal. (Doc. 154, at 7). The government submitted its response to the Third Circuit on April 21, 2008, which did not reference Begay. The Third Circuit opinion affirming Branche's conviction and sentence, handed down on December 31, 2008, also did not cite Begay.

[6] In his brief, Branche admits that "due to the statutory maximum for the offense to which Mr. Branche had pleaded guilty, the career offender finding did not increase the offense level." (Doc. 154, at 4).

7

U.S.S.G. § 4B1.1(b), whereas without the career offender status Branche would fall under category V. (See Doc. 154, at 4). With a criminal history category of VI, the court determined Branche's guideline range to be 188 to 235 months and sentenced Branche to 210 months incarceration. Branche's sentencing guideline range without the career offender classification would have been 168 to 210 months. (Doc. 154, at 24). Therefore, the court's 210-month sentence *is within the guideline range* that Branche seeks.

Furthermore, Branche derived numerous benefits from entering the plea agreement and pleading guilty. Instead of facing a five-count second superseding indictment, Branche faced a one-count information. The government dismissed other counts carrying a maximum punishment of life in prison. As a result of the plea agreement, Branche faced a substantially lower sentence.

Branche's remaining claims of error are simply without merit. As to Branche's argument that the court erred in not recognizing its ability to depart from the 100-to-1 crack/powder sentencing disparity, the court notes that it did in fact acknowledge its discretion to consider the disparity and refused to depart from the guidelines.[7] Furthermore, Branche's counsel raised the issue before the Third Circuit on direct appeal. See United States v. Branch, 304 Fed. Appx. 995, 997-98 (3d Cir. 2008) (noting that "the District Court fully appreciated its freedom to consider the crack/powder disparity when imposing the sentence").

---

[7] Branche acknowledges that the court was aware of its discretion to consider the disparity but declined to exercise its discretion. (Doc. 154, at 5).

Finally, Branche's argument that his counsel was ineffective is also without merit. In order to establish a Sixth Amendment violation for ineffective assistance of counsel Branche must show his counsel's performance was both unreasonable under professional standards and prejudicial, meaning the result would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Branche cannot establish prejudice. As discussed above, Branche's sentence is within the sentencing guideline range even when the career offender classification is removed.[8] The court can find no miscarriage of justice.

### III. Conclusion

For the foregoing reasons, Branche's motion (Doc. 146) to vacate will be denied. An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: December 17, 2010

---

[8] Branche's contentions that his sentence "*might* have been lower" (Doc. 154, at 4) and that the court could have departed from the sentencing guidelines does not entitle him to the vacation of his sentence and resentencing. Much of Branche's argument is based on what the court *could have* or *might have* done. The court does not credit this speculation and such speculation is an insufficient basis upon which to grant a § 2255 motion under the circumstances presented in the instant matter.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0146** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **CREMNE BRANCH** | : | |

## **ORDER**

AND NOW, this __ day of December, 2010, upon consideration of Branch's motion (Doc. 146) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Branch's motion (Doc. 146) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge